**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VOLKSWAGEN AG and VOLKSWAGEN GROUP OF AMERICA, INC., | )<br>)<br>) |
| Plaintiffs, | ) Case No. 17-cv-09226<br>)<br>) |
| v. | )<br>) |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**COMPLAINT**

Plaintiffs Volkswagen AG and Volkswagen Group of America, Inc. (together, "Plaintiffs" or "Volkswagen") hereby bring the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and allege as follows:

**I. JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using counterfeit versions of Volkswagen's trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products using counterfeit versions of Volkswagen's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Volkswagen substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Volkswagen to combat online counterfeiters who trade upon Volkswagen's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit products, including vehicle parts and accessories, using counterfeit versions of Volkswagen's federally registered trademarks (the "Counterfeit Volkswagen Products"). The Defendants create the Defendant Internet Stores by the dozens and design them to appear to be selling genuine Volkswagen products, while actually selling Counterfeit Volkswagen Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Counterfeit Volkswagen Products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope

and interworking of their counterfeiting operation. Volkswagen is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Volkswagen Products over the Internet. Volkswagen has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiffs**

4. Plaintiff Volkswagen AG is a corporation organized under the laws of Germany with its principal place of business in Wolfsburg, Germany.

5. Plaintiff Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia.

6. Under agreement with Volkswagen AG, Volkswagen Group of America, Inc. polices and enforces Volkswagen AG's trademarks in the United States.

7. Volkswagen is a world famous automobile manufacturer that sells Volkswagen automobiles, genuine parts, and accessories ("Volkswagen Products") through a network of licensed Volkswagen dealerships throughout the United States. Volkswagen Products have become enormously popular, driven, in part, by Volkswagen's quality standards and innovative design. Among the purchasing public, genuine Volkswagen Products are instantly recognizable as such and symbolize high quality.

8. Volkswagen Products are distributed and sold to consumers through a network of licensed Volkswagen dealerships throughout the United States, including through several licensed Volkswagen dealerships in Illinois. Volkswagen also operates websites, including vw.com,

through which consumers can select genuine Volkswagen parts, automotive accessories, and personal goods to be purchased from licensed Volkswagen dealerships.

9. Volkswagen incorporates a variety of distinctive marks in the design of its various Volkswagen Products. Volkswagen uses its trademarks in connection with the marketing of its Volkswagen Products, and is the exclusive owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following marks which are collectively referred to as the "VW Trademarks." The VW Trademarks cover automobile parts and accessories in International Classes 012 and 027, including, but not limited to, mud flaps and floor mats.

| Registration No. | Mark |
|---|---|
| 653,695 | VW |
| 790,621 | VOLKSWAGEN |
| 617,131 | VOLKSWAGEN |
| 1,540,381 | GTI |
| 1,361,724 | GOLF |
| 1,468,206 | PASSAT |
| 2,100,963 | (VW logo) |
| 2,528,763 | BEETLE |
| 2,411,743 | JETTA |
| 2,835,662 | VOLKSWAGEN |

| | |
|---|---|
| 2,849,974 | (VW logo) |
| 2,682,428 | TOUAREG |
| 3,431,414 | TIGUAN |
| 3,561,405 | ROUTAN |
| 2,987,620 | (VW logo) |

10.     The VW Trademarks have been used exclusively and continuously by Volkswagen, some since at least as early as 1957, and have never been abandoned.  The above U.S. registrations for the VW Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  True and correct copies of the United States Registration Certificates for the above-listed VW Trademarks are attached hereto as **Exhibit 1**.  The registrations for the VW Trademarks constitute *prima facie* evidence of their validity and of Volkswagen's exclusive right to use the VW Trademarks pursuant to 15 U.S.C. § 1057(b).

11.     Volkswagen uses the VW Trademarks to identify its goods and services. Volkswagen Products have long been among the most popular vehicles, vehicle parts and accessories in the world and have been extensively promoted and advertised at great expense. Volkswagen Products are also known for their engineering, quality, and innovative designs. Because of these and other factors, the Volkswagen name and the VW Trademarks have become famous throughout the United States.

5

12. The VW Trademarks are distinctive when applied to the Volkswagen Products, signifying to the purchaser that the products come from Volkswagen and are manufactured to Volkswagen's quality standards. Whether Volkswagen manufactures the products itself or licenses others to do so, Volkswagen products bearing its trademarks are manufactured to high quality standards. The VW Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the VW Trademarks is of incalculable and inestimable value to Volkswagen.

13. Since at least as early as 1994, Volkswagen has operated a website promoting genuine Volkswagen Products at vw.com. The vw.com website features proprietary Volkswagen content, images and designs.

14. Volkswagen has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the VW Trademarks. As a result, products bearing the VW Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being quality Volkswagen products.

**The Defendants**

15. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Counterfeit Volkswagen Products to consumers within the United States, including the State of Illinois.

16. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the VW Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Volkswagen to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Volkswagen will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

17. The success of the Volkswagen brand has resulted in its significant counterfeiting. Consequently, Volkswagen has a worldwide anti-counterfeiting program and investigates suspicious online marketplace listings identified in proactive Internet sweeps. In recent years, Volkswagen, or someone working in support of Volkswagen's anti-counterfeiting program, has identified dozens of fully interactive, commercial Internet stores on various e-commerce platforms, including the Defendant Internet Stores, which were offering for sale and selling Counterfeit Volkswagen Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2014 was over $1.23 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

18. On information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Volkswagen has not licensed or authorized Defendants to use any of the VW Trademarks, and none of the Defendants are authorized retailers of genuine Volkswagen Products.

19. On information and belief, many Defendants also deceive unknowing consumers by using the VW Trademarks without authorization within the content, text, and/or meta tags of their Internet stores in order to attract various search engines crawling the Internet looking for Internet stores relevant to consumer searches for Volkswagen Products. Other Defendants only show the VW Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Volkswagen Products.

20. On information and belief, counterfeiters such as Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, counterfeiters such as Defendants regularly create new online marketplace accounts on various platforms using multiple fictitious names and addresses. On information and belief, such internet store registration patterns are one of many common tactics used by the counterfeiters to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

21. Even though it appears that Defendants operate under multiple fictitious names, there appear to be numerous similarities among the Defendant Internet Stores. For example, Counterfeit Volkswagen Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Volkswagen Products were manufactured by and come from a common source and that Defendants

may be related. The Defendant Internet Stores also include other notable common features, including lack of contact information, identically or similarly priced items, the same incorrect grammar and misspellings, and the use of the same text and images, including content copied from Volkswagen's official vw.com website.

22. On information and belief, counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

23. On information and belief, counterfeiters operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Volkswagen's enforcement efforts. On information and belief, counterfeiters maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

24. Defendants, without any authorization or license from Volkswagen, have knowingly and willfully used and continue to use the VW Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Volkswagen Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, each Defendant has sold Counterfeit Volkswagen Products into the United States, including Illinois.

25. Defendants' use of the VW Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Volkswagen Products, including the sale of Counterfeit Volkswagen Products into the United States, including Illinois, is likely to cause and

has caused confusion, mistake, and deception by and among consumers and is irreparably harming Volkswagen.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

26. Volkswagen hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25.

27. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered VW Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The VW Trademarks are distinctive marks. Consumers have come to expect the highest quality from Volkswagen Products offered, sold or marketed under the VW Trademarks.

28. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the VW Trademarks without Volkswagen's permission.

29. Volkswagen is the exclusive owner of the VW Trademarks. Volkswagen's United States Registrations for the VW Trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Volkswagen's rights in the VW Trademarks, and are willfully infringing and intentionally using counterfeits of Volkswagen's Trademarks. Defendants' willful, intentional and unauthorized use of the VW Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Volkswagen Products among the general public.

30. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Volkswagen has no adequate remedy at law, and if Defendants' actions are not enjoined, Volkswagen will continue to suffer irreparable harm to its reputation and the goodwill of the VW Trademarks.

32. The injuries and damages sustained by Volkswagen have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Volkswagen Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

33. Volkswagen hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32.

34. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Volkswagen Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Volkswagen or the origin, sponsorship, or approval of Defendants' Counterfeit Volkswagen Products by Volkswagen.

35. By using the VW Trademarks on the Counterfeit Volkswagen Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Volkswagen Products.

36. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Volkswagen Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

37. Volkswagen has no adequate remedy at law and, if Defendants' actions are not enjoined, Volkswagen will continue to suffer irreparable harm to its reputation and the associated goodwill of the Volkswagen brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, *et seq.*)

38. Volkswagen hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

39. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Volkswagen Products as those of Volkswagen, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Volkswagen Products, representing that their products have Volkswagen's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

40. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

41. Volkswagen has no adequate remedy at law, and Defendants' conduct has caused Volkswagen to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, Volkswagen will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Volkswagen prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the VW Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Volkswagen Product or is not authorized by Volkswagen to be sold in connection with the VW Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Volkswagen Product or any other product produced by Volkswagen, that is not Volkswagen's or not produced under the authorization, control, or supervision of Volkswagen and approved by Volkswagen for sale under the VW Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Volkswagen Products are those sold under the authorization, control or supervision of Volkswagen, or are sponsored by, approved by, or otherwise connected with Volkswagen;

    d. further infringing the VW Trademarks and damaging Volkswagen's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Volkswagen, nor authorized by Volkswagen to be sold or offered for sale, and which bear any of Volkswagen's trademarks, including the VW Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2) Entry of an Order that, upon Volkswagen's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, and Alibaba, sponsored search engine or ad-word providers,

credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the VW Trademarks;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the VW Trademarks; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Defendants account for and pay to Volkswagen all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the VW Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Volkswagen be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the VW Trademarks;

5) That Volkswagen be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 22nd day of December 2017. Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiffs Volkswagen AG and Volkswagen Group of America, Inc.*